N. P. DAVIS & CO. v. CAMPBELL & CLOUGH.

1. Pleas in abatement, with but few specified exceptions, must be supported by affidavit of the truth thereof in substance and in fact, and not merely to the best of the affiant's knowledge and belief. (15 Texas, 323, cited by the court.)

2. It was not error to refuse leave to the defendant to amend his plea in abatement, after he had joined issue and announced ready for trial.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The facts of the case are sufficiently stated in the opinion of the court.

*J. D. & D. C. Giddings*, for appellants.

*J. E. & Seth Shepard*, for appellees.

OGDEN, J.—There is no statement of facts in this cause, and the record is otherwise imperfect and defective, and in consequence there is but one question presented by the assignment of errors, which we consider material in the decision of this cause. The suit was brought against the three appellants on their joint and several promissory note, which was signed by each one separately. But in their petition the plaintiffs describe them as partners, composing the firm of N. P. Davis & Co. The defendants filed a plea in abatement, denying the copartnership as set out in plaintiff's petition, and also denying that the note sued on was the note of the said firm of N. P. Davis & Co. To this plea was attached the affidavit of N. P. Davis, who swears that the facts set out in said plea "are true to the best of his knowledge and belief."

The plaintiffs excepted to the legal sufficiency of the plea in abatement, because the same is not verified by affidavit as required by law. The court sustained the exceptions, and defendants excepted. They then asked leave to amend their plea and the affidavit thereto. The court refused to allow the amendment, and the defendants again excepted. It is claimed by the appellees that as each of the defendants signed the note sued on, in their individual capacity, it was wholly immaterial whether they were partners composing the firm of N. P. Davis & Co., or not, as they were equally liable, whether as individuals or as members of the firm, and that therefore the plaintiffs had a right to treat that portion of their petition describing the defendants as members of the firm of N. P. Davis & Co., as surplusage. Be that as it may, yet Article 1, Paschal's Digest, provides that all pleas in abatement, with but few

specified exceptions, shall be supported by an affidavit of the truth thereof, and this court has, in many cases, recognized the wisdom of the law in a most literal and strict sense.   And in the case of Wilson v. Adams, 15 Texas, 324, the court says, "affidavits must be made to the truth of the plea in abatement, not to the best of the knowledge and belief of the affiant, but to his actual knowledge of the facts," or that the "plea is true in substance and in fact."   (3 Chitty, 806.)   Tried by this rule, the affidavit in this case was insufficient to support a plea in abatement, and the court did not err in sustaining the plaintiffs' exceptions to the same. Nor did the court err in refusing permission to defendants to amend their plea and affidavit, after issue joined, and the parties had announced ready for trial.   (Lewin v. Houston, 8 Texas, 97; Lee v. Hamilton, 12 Texas, 417.), These pleas, as well as amendments, are not greatly favored by the courts, and if a party wishes to claim the benefit of either, he must do so strictly within the letter of the law.   The judgment of the district court is affirmed without damages.

AFFIRMED.