## HANEY et al. v. TEMPLE TRUST CO.

### No. 7804.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1932.

Rehearing Granted in Part and in Part Overruled Dec. 21, 1932.

See, also, 55 S.W.(2d) 895.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, C. J.

Appellee sued appellants Haney and wife upon a number of promissory notes and to foreclose deed of trust liens securing them upon real estate in Coleman county, joining as defendants in its prayer for foreclosure Mrs. Dibrell and the bank (First National Bank of Coleman, Tex.), who were junior lienholders. From a judgment in favor of the trust company against Haney upon the notes and against all defendants foreclosing the trust deed liens, the latter have appealed.

Since we have concluded that the trial court erroneously overruled a plea in abatement setting up the pendency of another suit in Coleman county involving the same subject-matter, the following statement of the case will suffice:

September 19, 1931, Haney and wife filed suit in the district court of Coleman county against the trust company to cancel the notes and trust deeds in issue and to remove cloud from the title to the real estate by virtue of the trust deeds and their record, on the ground that the notes provided for usurious interest, and the payments they had made on that account were sufficient to discharge the principal in full. The trust company was served with citation in that suit September 23, 1931. The instant suit, which, as above stated, was upon the notes and for foreclosure of the trust deed liens, was filed in the district court of Bell county October 3, 1931. We will refer to the two causes as the Coleman and Bell county suits respectively. October 13, 1931, the Haneys amended their petition in the Coleman county suit, impleading as parties defendant Mrs. Dibrell and the bank, who on the same day filed original answers therein, accepting service, adopting the allegations of plaintiffs' petition, and joining in the prayer for removal of cloud from title. The plea in abatement in the Bell county suit was filed October 20, 1931, and overruled November 12, 1931. On the same day the Haneys, Mrs. Dibrell, and the bank answered in the Bell county suit, setting up as defenses the same matters alleged in the Coleman county suit, and concluding with the following prayer: "Wherefore premises considered, these defendants plead all the foregoing facts in bar of any recovery herein by the said plaintiff and are ready to verify all of the allegations herein, and of this special answer they pray judgment of the court and that they go hence as to plaintiff's suit and that this court adjudge said loan contract usurious and null and void

as to amount or value of interest and adjudge and decree that payments and credits as hereinbefore plead by these defendants and cancelling the principal notes paid and not surrendered and cancelling all interest provided for in said loan contract and that they go hence as to plaintiff's suit and recover their cost and for general and special relief."

The opening paragraph of this answer begins as follows: "Subject to their plea in abatement and not waiving same, but still insisting on said plea, come now", etc.

Appellee urges three contentions in support of the trial court's order overruling the plea in abatement, in substance as follows:

(1) The parties to the two suits were not identical in that Mrs. Dibrell and the bank were not necessary or proper parties to the Coleman county suit, and joining them therein as parties defendant, after the Bell county suit was filed, was "improper and fictitious."

(2) The subject-matter of the two suits was not identical in that the relief sought by the trust company in the Bell county suit (judgment upon its notes and foreclosure of the trust deed liens) could not be obtained in the Coleman county suit except by waiving its right to sue in Bell county and filing a cross-action in the Coleman county suit, which it was not required to do.

(3) The plea was waived by embodying in the answer a "cross-action" praying for affirmative relief (cancellation of the notes).

■■ The junior lienhol⸍ ʳs were not necessary parties to the Coleman county suit. Independently of whether they could assert against the trust company the alleged usurious nature of the transaction, they had nevertheless a very substantial interest in whether the first lien debt was canceled at the suit of the Haneys; and a judgment against the trust company canceling the first lien notes would effectually bar the trust company from asserting its liens as superior to those of the junior lienholders, even though the latter were not parties to the cancellation suit. A somewhat analogous situation was presented in Eastland County v. Davisson (Tex. Com. App.) 13 S.W.(2d) 673, 676, where parties secondarily liable were not made parties to one of the suits. We quote from the opinion: "It is also urged that, as there are different parties to the second suit, a judgment in the first would not be res adjudicata in the second. Ordinarily, this would be true, but there is a well-defined exception to the rule thus invoked to the effect that a plea of res adjudicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation."

Appellee asserts in this connection˙ that "plea in abatement is not favored; and pleader must bring himself strictly within the law." Citing N. P. Davis & Co. v. Campbell & Clough, 35 Tex. 779, 781. This rule was formerly applied in this state to the plea of another suit pending. But, as said in Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71, 72: "The present trend of authorities seems to be to give a liberal˙ construction to a plea of another suit pending affecting the same parties and subject-matter to the end that the cause in which the cause is first filed shall try it."

The reasons for such liberal construction form the inherent bases of the plea itself. They are fully discussed in the Benson-Fulmore opinion with citation of and quotation from the authorities; and further amplification of the subject is unnecessary.

The rule invoked by appellee does not require in every case full identity but only substantial identity of parties; and where parties in the second suit filed are made necessary, merely by reason of some particular relief which pertains to that suit and not to the other, the former should not thereby be held not to abate, when the subject-matter of the two suits is identical. The same general principle is involved in appellee's second contention, which we will now discuss.

This contention is clearly ruled by the holding in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1069. The quotations below, except where otherwise noted, are from that case, paraphrased so as to substitute the Coleman and Bell county suits, respectively, for the Johnson and Dallas county suits in the Cleveland-Ward Case.

■ Here the Coleman county suit, as there the Johnson county suit, "is an equitable one", rescission and cancellation of written instruments and removal of cloud from title to real estate.

"Regardless of the question as to whether the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the district court of Coleman county, and that court, by the filing of the petition, acquired jurisdiction. * * *

"Jurisdiction is power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution. * * *

"When suit was filed in the Coleman county district court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made,

to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law. * * *

"The district court of Coleman county, then, in permitting the pleadings in that court to be amended so as to bring in parties interested in and to be affected by the decree sought, acted clearly within its express statutory jurisdiction and power to permit additional parties to be made 'when they are necessary or proper parties to the suit.'

"The case therefore stands in that court, in so far as any jurisdictional question is concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all of those who are now parties to the suit parties in the first instance.

"Since jurisdiction attached upon filing the suit in Coleman county, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court. * * *

"The Coleman county court, having first acquired jurisdiction, may exercise it to dispose of the whole subject-matter of the litigation and adjust all the equities between the parties, and is entitled to do so. * * *

"The causes of action in the two conflicting trial courts involve the same transaction and the same state of facts. That the two cases present in substance and effect the same cause of action we do not think debatable. A recovery in the Coleman county case canceling the notes and deed of trust involved would necessarily be res adjudicata as against the cause of action asserted on these notes and deed of trust by the respondents herein as plaintiffs in the Bell county suit. * * *

"It is true the Coleman county suit is for the cancellation of the instruments involved, while the Bell county case is for recovery on them. However, such defenses as the defendants in the Coleman county case have to the suit for cancellation they may there assert. They must there assert the validity of the notes and deed of trust involved or be barred.

"The rule that a valid judgment for plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. * * *

"Since the Coleman county court is a court of competent jurisdiction, and first acquired jurisdiction of this controversy, has all the necessary parties before it, and is entitled to proceed to judgment, and since it is evident that all questions necessarily or properly involved will be settled in that case,

and that its judgment will be res adjudicata as against any judgment the Bell county court might render, it follows that the Bell county case is abated by the Coleman county suit."

We should add that appellants' right to have its debt and lien enforced through the Bell county court is not in any way infringed by the above holdings. It could not be compelled, nor was it bound at its peril to seek affirmative relief in the Coleman county suit. Upon the termination of that suit favorable to it, it might then bring suit in Bell county upon the notes and trust deeds, the validity of which could no longer be brought in question. But even if such were not the case, and the right to enforce payment of the notes and foreclose the lien would be barred if not asserted in the Coleman county suit, appellee could nevertheless not maintain the Bell county suit so long as the Coleman county suit, involving the validity of the notes and trust deeds was undisposed of. The Coleman county suit necessarily abated the Bell county suit, and appellee's right to sue in the latter county was either suspended or destroyed by the same process of abatement. Any holdings not obiter in Business Men's Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156, inconsistent with our above holdings, would present like inconsistency to the holdings in Cleveland v. Ward, which latter are of necessity controlling.

Appellee's third contention is overruled upon the authority of Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S. W. 806, and Hall v. Castleberry (Tex. Civ. App.) 283 S. W. 581.

The trial court's judgment is reversed, and the cause is abated and dismissed without prejudice.

Reversed, and cause abated and dismissed.

On Appellee's Motion for Rehearing.

■■ We have reached the conclusion that we were in error in dismissing the cause.

"At common law, a suit, when abated, is absolutely dead; but, in equity, a suit, when abated, is (if such an expression be allowable) merely in a state of suspended animation, and it may be revived." Life Ass'n of America v. Goode, 71 Tex. 90, 8 S. W. 639, 640.

The identical situation we have here was presented in Long v. Long (Tex. Civ. App.) 269 S. W. 207, 210, from the opinion in which we quote: "To sustain appellant's plea in abatement does not mean that appellee is forced to assert her cause of action by cross-bill in the district court of Briscoe county. She may do this if she chooses. Charlton v. Charlton (Tex. Civ. App.) 141 S. W. 290; Rules 6 and 7 for district and county courts. Neither does it mean that she must aban-

don her suit, for it is clearly within the discretion of the trial court, as a court of equity, instead of dismissing the suit to suspend proceedings therein until the termination of the suit having priority, and, when the cause of abatement is removed, the suit may be revived if anything is left to litigate. 1 C. J. 27, § 2."

Under the practice in this state the same rule of practice should apply to a case at law as to a cause in equity, as regards abatement under a plea of another suit pending. The instant suit being one to foreclose a trust deed would in the absence of governing statute be classed as an equity proceeding in those jurisdictions where law and equity are administered in separate courts.

Our former judgment is therefore modified so as hereafter to read:

The trial court's judgment is reversed, and the cause is abated and remanded to the trial court with instructions to retain it suspended upon the docket until the Coleman county suit is determined, and thereupon to proceed in accordance with the final result of that suit. In all other respects the motion for rehearing is overruled.

Granted in part and in part overruled.