W. E. HANEY et al., Appellants, v. TEMPLE TRUST COMPANY, Appellee.

No. 7810.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1932.

On Appellee's Motion for Rehearing April 19, 1933.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

This cause is companion to cause No. 7805 (Tex. Civ. App.) 59 S.W.(2d) 1117, this day decided. The questions presented and the propositions urged in the two appeals are identical, and call for identical holdings, which are set forth in the opinion in cause No. 7804 (Tex. Civ. App.) 55 S.W.(2d) 891, of the same style this day decided.

For the reasons stated in the latter opinion, the trial court's judgment is reversed, and the cause is abated and dismissed without prejudice.

Reversed, and cause abated and dismissed.

On Appellee's Motion for Rehearing.

For the reasons stated in the opinion on rehearing in cause No. 7804 (Tex. Civ. App.) 55 S.W.(2d) 891, our former judgment is modified so as hereafter to read:

The trial court's judgment is reversed, and the cause is abated and remanded to the trial court with instructions to retain it suspended upon the docket until the Coleman county suit is determined, and thereupon to proceed in accordance with the final result of that suit. In all other respects the motion for rehearing is overruled.

Granted in part, and in part overruled.

Adolph SEABRIGHT, Plaintiff in Error, v. Estella G. DE PANSZA et al., Defendants in Error.

No. 9056.

Court of Civil Appeals of Texas. San Antonio.

April 19, 1933.

Rehearing Denied May 10, 1933.

Isaac Orme and H. B. Cline, both of San Antonio, for plaintiff in error.

G. O. Brown, of San Antonio, for defendants in error.

MURRAY, Justice.

We will designate the parties as they were designated in the court below.

Adolph Seabright instituted this suit against defendants upon an alleged note and to foreclose a chattel mortgage.

We do not find an objection reserved either in the statement of facts or by formal bill of exception other than exception taken to the action of the trial court in overruling motion for a new trial. There was no objection made or exception taken to the court's charge. There are no proper assignments of error in the record.

The cause was tried before a jury, who, upon sufficient evidence, resolved all issues of fact against the plaintiff and in favor of the defendants.

There being no fundamental error disclosed by the record, the judgment is affirmed.