**STOKES et ux. v. TEMPLE TRUST CO.**

No. 7821.

Court of Civil Appeals of Texas. Austin.

April 12, 1933.

Rehearing Denied May 3, 1933.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

Appeal is from a judgment of the district court of Bell county in favor of appellee against appellants on a series of notes executed by Stokes and wife to the Temple Trust Company, and for a foreclosure of a deed of trust lien on lands in Coleman county, executed by appellants to secure their payment. In due time before trial appellants filed their plea in abatement of another suit pending in Coleman county, brought by them to have said notes declared usurious, to have all prior payments of interest credited upon the principal, and to enjoin the collection by appellee of any further interest on said notes. All issues save two hereafter adverted to were decided by this court in favor of appellants and adversely to appellee in Haney v. Temple Trust Co., 55 S.W. (2d) 891, involving the same questions raised on this appeal, to which we refer without further discussion.

■■ The contention is made, among others, in this case that there was not identity of parties to the Bell county suit and the Coleman county suit, for the reason that Mrs. Stokes was not a necessary nor a proper party plaintiff in the Coleman county suit, because the suit there was for usury and as such for community property. Under the conclusion reached and for the reasons given in the Haney Case, supra, we think this contention is without merit. It is made further so, in addition to the reasons given in the Haney Case, because the Coleman county suit related not only to the notes, but to the security given. And, in the judgment appealed from, foreclosure thereof as against Mrs. Stokes was decreed. She signed with her husband all the notes, interest coupons, and deed of trust. If she were a necessary party defendant, as recognized by appellee in its suit in Bell county, in the foreclosure of its security, clearly we think she would be a proper party in the Coleman county suit litigating the validity and extent of the security she had executed. In any event, however, the judgment rendered in the Coleman county suit, if sustained, would be res adjudicata of the matters adjudicated, and binding on all parties to this suit. It involved the same transactions, the same instruments, and the same state of facts involved in this suit. Consequently the Coleman county court having first acquired jurisdiction, the Bell county suit should have been abated.

■■ The other contention made by appellee is that the only portions of the record

which we are authorized to consider fail to disclose when the Bell county suit was filed; and, there being no evidence that it was filed subsequent to the filing of the Coleman county suit, the trial court's judgment overruling appellants' plea in abatement should be sustained. The case was tried upon appellee's amended petition, filed February 8, 1932. The plea in abatement was filed October 20, 1931. The Coleman county suit was filed August 26, 1931, and the Bell county suit on October 2, 1931. Appellee contends, however, that, since the original petition in the Bell county suit was not introduced in evidence, and the amended petition did not allege what date it was filed, and since the case was tried on the amended petition, the original petition was abandoned and superseded, is not properly in the record, and cannot be looked to for any purpose, citing, among other authorities, Rules 13 and 14 District and County Courts; Cook v. Williams (Tex. Civ. App.) 32 S.W.(2d) 244; Home Inv. Co. v. Strange (Tex. Civ. App.) 152 S. W. 510; Askey v. Power (Tex. Com. App.) 36 S.W.(2d) 446. Such is the general rule. But it is not without exception. District Court Rule 14 provides that superseded pleadings may be looked to to enable the court to pass upon questions of limitation, "or to enable the court to pass upon some other question presented. * * *" 3 Tex. Jur. 412; Texas & N. O. Ry. Co. v. Speights, 94 Tex. 350, 60 S. W. 659. It was the duty of appellee to allege in its amended petition, under District Court Rule 13, the date of the filing of its original petition; and such amended petition was subject to special exception for failure to do so. Rockhold v. Lucky Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046; Allison v. Baird Dev. Co. (Tex. Civ. App.) 292 S. W. 956, 958. Appellee's amended petition did not allege the date on which its original petition was filed. The trial court was clearly authorized to look to the original petition to determine that fact. There is nothing in the court's order overruling appellant's plea in abatement indicating on what ground same was overruled. District Court Rule 14 applies expressly to questions of limitation. That because the time of the filing of the suit is determinative on that question. The same reason applies with equal force to a plea in abatement on the ground of a former suit pending. The cause of action and the parties being identical, and the jurisdiction of either of the trial courts over the parties and subject-matter being authorized by statute, the sole question left would necessarily be which court first obtained jurisdiction. Clearly, therefore, we can look to the original petition of appellee brought up in the transcript to ascertain that fact.

Regardless of this, however, the record discloses that the plea in abatement was heard and overruled on December 4, 1931, at which time the only pleading of appellee before the court was its original petition, and that trial upon the merits was had on February 8, 1932. The statement of facts filed relate only to the trial upon the merits. There appears no statement of facts proven at the hearing upon the plea in abatement. The record as to that proceeding is presented only by bill of exception. This bill of exception approved by the trial court expressly recited, however, that at that hearing on December 4, 1931, both the appellants and the appellee introduced in evidence the appellee's original petition filed in the Bell county suit; and that appellants introduced their original petition filed in the Coleman county suit. All of these instruments appear in the transcript, showing the dates on which they were filed. That being true, the statements appearing in the bill of exception must be taken as true, and when so taken conclusively show that the Bell county suit was filed October 2, 1931, subsequent to the time the Coleman county district court had already obtained jurisdiction. The Bell county suit should therefore have been abated.

The judgment of the trial court will therefore be reversed, as was done in the Haney Case, the cause abated and remanded to the trial court, with instructions to retain it suspended upon the docket until the Coleman county suit is determined, and thereupon to proceed in accordance with the final result of that suit.

Reversed and remanded, with instructions.