### COX et ux. v. BISHOP.
### No. 4139.

Court of Civil Appeals of Texas. Amarillo.
July 5, 1933.

James O. Cade, of Amarillo, for relators.

MARTIN, Justice.

Petitioners S. E. Cox and wife filed a penalty suit under article 5073, R. S., in Potter county, against the Metropolitan Building & Loan Association et al., charging the collection in said county by defendants of usurious interest from petitioners.

A plea in abatement was filed by the defendants in this suit, and it was therein alleged, in substance and effect, that a suit had theretofore been filed by them against the same Cox and wife in Dallas county for a balance upon certain promissory notes and for foreclosure of a lien upon Potter county property. They alleged an identity of subject-matter and parties, and asked that the said suit of Cox and wife be abated and dismissed.

Upon a hearing, the court found that the district court of Dallas county had acquired jurisdiction of the subject-matter of the suit prior to the time petitioners filed their suit in the district court of Potter county, and that the matters and things alleged in the Potter county suit could be set up and pleaded in the cause pending in Dallas county, and that by reason thereof the Potter county suit should be abated. It was adjudged that the petitioners' suit in Potter county should be "held in suspense until after a final judgment is entered in cause No. 1246–C, Metropolitan Building & Loan Association, vs. S. E. Cox and wife now pending in the 68th Judicial District Court of Dallas County, Texas."

Thereafter the petitioners filed in this court an application for a writ of mandamus to compel the Honorable Henry S. Bishop, who entered the above order, to proceed with the trial of said cause in its regular order upon the docket of said district court.

The evidence on said hearing disclosed that the Dallas county case was based upon notes which petitioners alleged in their penalty suit were usurious.

The effect of the judgment of the district court of Potter county on the said plea in abatement was a holding that petitioners were not entitled to a present trial of their penalty suit in Potter county, and that, if any relief was obtained by them, it must be had

in Dallas county in the case already filed. We cannot agree with this view.

In obedience to the mandate contained in article 16, § 11, of the Texas Constitution, the Legislature of this state enacted two main articles dealing with the subject of usury. The method of procedure and remedy of a debtor under these two articles are different and entirely distinct.

Article 5071, in substance, provides that all contracts for a greater rate of interest than 10 per cent, per annum shall be void for the amount of the interest only.

The terms of the other of these is set out in article 5073 in the following language: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

The rights of a debtor under the first of these may be urged as a defense, but not so as to the second. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204. The right to the recovery of a penalty is a distinct cause of action, and must be pleaded as such, though this may be done in an answer because of the provisions of our statute relating to pleadings. Authority supra.

The law gives a debtor the right of election to either sue for the penalty under article 5073 or have all usurious interest paid applied on his principal under article 5071. Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363. The distinction between these has been oft-times pointed out. One of the early cases on this subject is that of Smith v. Stevens, 81 Tex. 461, 16 S. W. 986.

In this case relator has a clear and undoubted right under article 5073 to bring his cause of action, if any he has, in the county where usurious interest has been collected. The record here conclusively shows this to be Potter county. To hold that he must go to Dallas county and file his penalty suit as a counterclaim in the suit pending there against him would, it seems to us, be to judicially amend the specific terms of article 5073 so as to make it read, in part, that a debtor may sue in the county where the usurious interest has been collected, except where suit has been brought on the contract out of which it grew, in which case venue would lie in the county where such suit was pending. A right given by article 5073 would thus be defeated by the wrongdoer. This cannot be. The respondent cites us to the recent cases of Haney v. Temple Trust Co. (Tex. Civ. App.) 55 S.W. (2d) 891, and Stokes v. Temple Trust Company (Tex. Civ. App.) 59 S.W.(2d) 849, as sustaining his holding. Both these cases arose under article 5071, which fails to contain the venue provisions of article 5073, under which the Potter county suit was brought. A difference between these articles has already been mentioned. Other differences exist which we deem unnecessary to here discuss. If the Potter county suit had been based upon article 5071 a different question would be presented. It is clear, we think, that the district court of Dallas county had not acquired jurisdiction of petitioners' penalty suit so as to oust or suspend the jurisdiction of the very court which the statute pointedly provides shall have a right to hear it.

Writ of mandamus is awarded as prayed for.