**NORTH TEXAS COACH CO. v. MORTEN et al.**

No. 8424.

Court of Civil Appeals of Texas. Austin.
Dec. 4, 1935.

On Rehearing March 18, 1936.

Bennett L. Smith and Price & Christopher, all of Fort Worth, for appellant.

William McCraw, Atty. Gen., and George P. Kirkpatrick, Asst. Atty. Gen., for appellee Railroad Commission.

Callaway & Reed, Carl B. Callaway, and Rollo E. Kidwell, all of Dallas, for appellee Morten.

McCLENDON, Chief Justice.

Appeal from a judgment of dismissal after sustaining a plea in abatement on the ground of another suit pending between the same parties and involving the same subject-matter. The suit was by the North Texas (appellant) against Morten and the Railroad Commission (appellees) to set aside certain orders of the commission granting to Morten certificates of convenience and necessity to operate bus lines over state highways. We think the points in issue may be more readily understood by a chronological statement of the controlling facts.

In 1928 the North Texas operated a bus line between Fort Worth and Wichita Falls, over State Highway No. 2, via Rhome, Decatur, Bowie, Bellevue, and Henrietta. At Fort Worth it connected with other lines extending to Dallas. Highway No. 114, commonly called Northwest Highway, from Dallas direct to Rhome was then projected but not con-

structed. Some time that year both the North Texas and Morten made applications to the commission for certificates; that of the North Texas from Rhome to Dallas, and that of Morten from Dallas to Wichita Falls routed: Dallas to Rhome over No. 114 (when constructed) and Rhome to Wichita Falls over No. 2. It asked for temporary routing, pending construction of No. 114, via Letot, Farmers' Branch, Carrolton, Coppell, Grapevine, Keller, Haslett, Avondale, and there connecting with No. 2. The attached map shows the course of these routes:

application as to the portion of the route from Decatur to Wichita Falls, and requested "that his application be so amended and its (the commission's) order to be issued thereunder be so drawn as to cover a route between Dallas and Decatur via Northwest Highway through Rhome." The record shows that although the North Texas was not a formal party to the Travis county suit, its attorneys, employed for that purpose, participated in the trial and prepared the brief filed in this court. They were advised of the contemplated action of the commission in dismissing the ap-

The distance from Dallas to Rhome, via Northwest Highway, is approximately 46 miles, via Fort Worth approximately 57 miles. After extensive hearings, both of these applications were denied on August 28, 1930. October 10, 1930, Morten appealed from the order denying his application to the 126th judicial district court of Travis county, where judgment was rendered February 6, 1932 (Cause No. 49,529), in his favor awarding him the sought certificate, and enjoining the commission from interfering with his operation of the line. No appeal was taken from the order denying the North Texas' application. The commission appealed to this court in the Travis county case; filed in this court on October 31, 1933, a motion to dismiss the appeal, which was granted; and the appeal was dismissed November 1, 1933. October 31, 1933, Morten filed an application with commission, withdrawing his original ap-

peal, and so far as the record shows made no protest. The dismissal and commission order of November 1, 1933, were the result of a compromise of the litigation between the commission and Morten.

April 26, 1934, after proper notice and hearing, the commission granted Morten a certificate to operate from Decatur to Wichita Falls, over No. 2, but provided that he could not pick up passengers originating at Decatur and destined to Wichita Falls or intermediate points; nor passengers originating at Wichita Falls and destined to Decatur or intermediate points; "but," to quote the order, "this certificate is to be restricted to the transportation of passengers at Dallas and intermediate points between Dallas and Decatur and destined to Wichita Falls or points beyond, and to transport passengers picked up at Wichita Falls and destined to points beyond Decatur." The order recites:

"The evidence shows that the applicant is, at this time, operating a motor bus line from Dallas to Decatur. There was considerable testimony to the effect that connecting carriers at Decatur and elsewhere refused to enter into interlining agreement or to co-operate with this applicant in any manner in the transportation of persons beyond the present applicant's termini.

"There was also considerable testimony from citizens of Dallas showing that the public convenience and necessity required a through service between Dallas and Wichita Falls, and that at this time passengers out of Dallas experience considerable difficulty and delay in traveling between these points.

"The evidence shows convincingly that the present service from Dallas to Wichita Falls is entirely inadequate, and the Commission is of the opinion that this application should be granted, but that only three round trip schedules per day are necessary."

February 19, 1935, the North Texas filed in the 98th judicial district court of Travis county cause No. 55123, against Morten and the commission, to set aside the order of April 26, 1934, and for ancillary relief. This is the former suit pending upon which the plea in abatement in the instant suit was predicated.

February 26, 1935, the commission ordered an amendment of Morten's April 26, 1934, certificate so as to require him "to pick up and discharge passengers at Decatur and all points between Decatur and Wichita Falls on each schedule operated by" him; but requiring him to pay to the North Texas the entire revenue derived from such traffic.

March 6, 1935, the North Texas filed this suit (No. 55200) in the 53d judicial district court of Travis county against Morten and the commission, attacking (1) the judgment of the 126th judicial district court of February 6, 1932, (2) the order of November 1, 1933, and (3) the order of February 26, 1935, amending the order of April 26, 1934, briefly stated, upon the following grounds:

(1) The judgment of February 6, 1932, was void as to the North Texas because it "was not a party either to the original suit nor to the appeal, and that its rights could not be adjudicated, determined, nor prejudiced by any action of the Railroad Commission of Texas, or by any action in said suit wherein said judgment was rendered."

(2) That the order of November 1, 1933, was void because issued without notice.

(3) That the order of February 26, 1935, was void because (a) issued without notice, (b) in conflict with the order of April 26, 1934, and (c) beyond the power of the Commission to make.

█ We think the trial court correctly sustained the plea in abatement. The subject-matter of the two suits is so interrelated and interdependent that all the issues raised should be determined in one suit.

The general principles governing the plea of the former suit pending are well established, and their statement, discussion, or elaboration would serve no useful purpose. The correct application of those principles will, we think, be readily apparent from what we regard a proper analysis of the foregoing record showing.

While perhaps not essential to the particular question here in issue, clearly the North Texas was not a necessary (although a proper) party to the suit appealing from the August 28, 1930, order denying Morten's original application. Magnolia Petroleum Co. v. Edgar (Tex.Civ.App.) 62 S. W.(2d) 359 (error refused). It had every opportunity to intervene in that suit, and make itself a party to the record, carrying with it the incidental right to have its interests fully protected in every way. It chose not to do so, but was accorded every advantage of being a formal party by having its attorneys, through an arrangement with the Attorney General's department, take the leading part both in the trial and in the appeal. The underlying reasons motivating its course of action in this regard may find suggestion in the following quotation from a letter of one of its attorneys to the Attorney General shortly after the trial: "A defendant in any case may supersede a final judgment and since the state does not have to give any bond, I assume of course that plaintiff will not even apply to the Commission for the permit until the appeal is decided. If such an application is made, the Commission should be advised to reject it because the judgment is not final."

Under all the circumstances the judgment, we think, was binding upon it, to the same extent as if it had been a nominal party to the suit. See American Ins. Co. v. Edwards (Tex.Civ.App.) 78 S.W.(2d)

1020, and authorities there cited. Be that as it may, the judgment was at most only voidable at its instance, and could not be impeached collaterally. To attack it the North Texas was required to do so either by opposing dismissal or seeking reinstatement of the appeal, or by direct proceeding in the court in which it was rendered to have it set aside on equitable grounds.

Appellant's contention that the order of November 1, 1933, was void because passed without notice we believe untenable. Considered as an original and independent order, the contention would be sound. But that is not the situation presented. The dismissal and the order constituted a single, indivisible transaction. Standing alone, the dismissal of the appeal left the trial court's judgment in full force, and adjudicated the right of Morten to the certificate for which he had applied. That the commission had the power, as a condition precedent to the dismissal, to limit or diminish the scope of the judgment, we think, cannot be seriously questioned. Absent the order of November 1, 1933, the dismissal left the judgment in full force and effect, and made it the imperative duty of the commission to issue the certificate in accordance therewith. The judgment left nothing further to be decided. There was nothing remaining upon which to issue notice or have a hearing. The court had already heard and adjudicated the entire controversy.

The order of April 26, 1934, was only a modification by enlargement of the November 1, 1933, order. Independent of the latter the former was in practical effect a nullity, because Morten could not operate between Wichita Falls and Decatur alone, under the restriction inhibiting local passengers between these and intermediate points, without operating empty buses. This is conceded on both sides. It is therefore manifest that the validity of the April 26, 1934, order is necessarily dependent upon the validity of the November 1, 1933, order. It may be admitted that additional grounds of invalidity might exist for holding the former invalid not attaching to the latter. That circumstance, however, is not controlling. A judgment is res judicata not only of all issues actually litigated, but of all issues properly involved in those actually litigated, or which should have been litigated. The public interest, as well as that of the litigants, does not favor a multiplicity of suits or the trial of controversies by piecemeal.

Furthermore, appellant is attacking in this suit not only the order of November 1, 1933, and the judgment upon which it was predicated, but also the order of February 26, 1935, modifying the order of April 26, 1934. The former depended for its validity upon the latter, and necessarily drew in question its validity.

We have then in the first suit review of an order dependent upon the validity of one of the orders reviewed in the second suit and forming the basis of the other order reviewed in that suit.

Appellant voluntarily chose his forum and the manner of bringing his suits. It had the choice of three district courts in Travis county of equal and concurrent jurisdiction. It deliberately chose to file two suits in different courts, when it might, and we think it should, have joined all the interrelated issues involved in one suit. It may still do so by amendment in cause No. 55123.

Abatement upon the ground of a former suit pending is predicated upon comity, convenience, and orderly procedure in the trial of contested issues. The inherent bases for the plea have given rise to the modern rule of liberal construction, and a gradual departure from the earlier doctrine that the plea "is not favored; and pleader must bring himself strictly within the law." See Haney v. Temple Trust Co. (Tex.Civ.App.) 55 S.W.(2d) 891, 892. Accordingly, courts will not be controlled in determining the merits of the plea by technical rules and definitions of legal terms, such as "cause of action," but rather by the practical results to be obtained, dictated by a consideration of the inherent interrelation of the subject matter of the two suits.

The trial court's judgment is affirmed.

Affirmed.

On Appellant's Motion for Rehearing.

Our statement that the commission's order of February 26, 1935, was sought to be set aside in this suit was predicated upon allegations in plaintiff's original petition. A second amended original petition, filed July 11, 1935, omits this portion of appellant's original cause of action, and seeks only to set aside the order of October 31, 1933, and to have declared void the judgment in cause No. 49529. This amendment, in our opinion, did not substantially affect the plea in abatement. The validity of the order of April 26, 1934, necessarily depends primarily upon that of the order of

October 31, 1933. No attack was made upon that order until this suit was filed, on March 6, 1935. In the meantime Morten had operated a bus line under the order for a year and a half, and had obtained an amendment or extension of his permit in the order of April 26, 1934, nearly a year before this suit was filed. That order was attacked in plaintiff's suit No. 55123, filed February 19, 1935. If appellant desired to question the validity of the October, 1933, order, which formed the basis of the April, 1934, order, the issue should have been raised in suit No. 55123, since a judgment confirming the April, 1934, order would necessarily confirm the October, 1933, order, the basis upon which it rested.

In a "Further Argument on Motion for Rehearing," appellant for the first time contends that its attack on the judgment of the 126th judicial district court (cause No. 49529) was a direct and not a collateral one, for which reason, so it alleges, this suit was brought in the 126th and not in the 53d district court, in which cause No. 55123 is pending. This is apparently an afterthought. There is no allegation in appellant's petition upon which to predicate a direct attack on the judgment, which could only be made by a plenary suit in equity. Every asserted ground of invalidity is an attack upon the inherent power of the court over the subject-matter, or the relief awarded. To sustain any one of these grounds would necessitate a holding that the judgment was void either in toto or in some particular. Such invalidity could be asserted in any proceeding; and would not require, as a prerequisite, setting aside the judgment in a direct proceeding. Additionally, it may be seriously questioned whether a suit in equity to set aside a judgment could properly be joined with a statutory suit to set aside an order of the Railroad Commission.

Various asserted holdings in our opinion are attacked on two grounds: (1) As being obiter, in that the only issue presented by the appeal is the correctness of the trial court's judgment sustaining the plea of former suit pending, and thereupon dismissing the suit; and (2) as being erroneous pronouncements of the law. The first ground may be conceded, at least as regards some of the holdings. It should be noted that as introductory to the portion of the opinion in which these holdings appear we said: "While perhaps not essential to the particular question here at issue." It was

necessary to discuss the issues involved in the several holdings, in order to point out the interrelation of the two pending suits. The holdings are not binding, however, as adjudications of the issues discussed.

We will consider the objections to these holdings, to the extent we think they merit attention.

That the judgment in cause No. 49529 was binding upon the commission and the North Texas to the extent that the court had power or jurisdiction over the subject-matter and to grant the awarded relief, we think there can be no serious question. The court clearly had jurisdiction to set aside the order appealed from, and to grant the injunction, which it did, restraining the commission (to quote from the judgment) "from interfering with the plaintiff (Morten) in the operation of a bus line over the route above referred to, save and except that the said Railroad Commission of Texas shall have the power to make such reasonable rules and regulations governing the operation of such bus line as may be promulgated by them for the operation of similar carriers."

It should be noted in this connection that the portion of "the route above referred to," between Dallas and Rhome, was the temporary route applied for by Morten, and not the route via Northwest Highway, as to which the judgment was silent. The judgment further describes the route as "thence to Wichita Falls."

It may be conceded that the court did not have the power to grant Morten a permit to operate over that route; that being an exclusive function of the commission. Whether, under the judgment it became the duty of the commission to issue the permit, depends upon the scope of the review of the Commission's order, and of the adjudication thereon. The court had not the power to pass upon controverted fact issues affecting the right to a permit. Railroad Commission v. Shupee (Tex.Civ. App.) 57 S.W.(2d) 295, affirmed 123 Tex. 521, 73 S.W.(2d) 505. An order denying a permit may be arbitrary for a variety of reasons, which do not affect the inherent right to the permit. Manifestly where an order is set aside upon a ground of this character, the application is reopened before the commission, to be heard and determined upon its merits. Railroad Commission v. Rapid Transit Co. (Tex.Civ. App.) 92 S.W.(2d) 261. Where, however, the adjudication is upon the merits of the

application, and the order denying the permit is set aside upon the ground that the applicant was entitled to the permit as a matter of law, nothing is left for the commission to pass upon, and the duty of granting the permit devolves upon the commission.

A proper construction of the judgment in cause No. 49529 and the extent of its binding effect is not involved in this appeal, and we therefore express no opinion thereon.

It is further urged that the order of October, 1933, was invalid as a compromise of the issues involved in cause No. 49529, because the commission had no power to make such compromise. As pointed out above, the trial court's judgment did not purport to adjudicate Morten's right to a permit over the Northwest Highway, which had not been constructed at the time the permit was denied. Under this state of facts, it may not be proper to construe the order as having effect only "to limit or diminish the scope of the judgment." For reasons already stated, we express no opinion on this point.

· We quote appellant's twenty-second assignment: "This court erred in holding that 'independent of the latter' (referring to the Nov. 1st, 1933, order) 'the former' (referring to the April 26th, 1934, order) 'was in practical effect a nullity,' because it is not within the province of this court to become the guardian of the appellee Morten and to supervise the making of his applications for bus certificates nor grant him rights and franchises not applied for before the Railroad Commission, nor to enlarge franchises granted by the Railroad Commission; and because this issue was not properly before this court for its determination on this appeal."

The point is made that "this court seemingly fails to distinguish between validity and value." In other words, the April, 1934, order would leave in force the permit between Wichita Falls and Decatur, even though the October, 1933, order were stricken down. The obvious answer to this contention is that the law concerns itself with matters of practical substance, and not with mere abstractions—a distinction that is all important. The permit to operate between Wichita Falls and Decatur, with the restriction that only passengers originating or destined beyond Decatur might be transported, would be nothing more than a permit to operate empty buses between those points, absent the permit to operate between Decatur and Dallas. It could hardly be seriously questioned that in a suit by the state to compel operation under the permit, a complete answer would be the striking down of the October, 1933, order, regardless of the term employed to characterize the effect of the latter upon the April, 1934, permit.

As fundamental error appellant urges, for the first time in its motion, that dismissal was not the proper order upon sustaining the plea in abatement. This is correct. Haney v. Temple Trust Co. (Tex. Civ.App.) 55 S.W.(2d) 891 (error dismissed). Since the point was not called to the attention of the trial court, modification of the judgment in this regard will be at the cost of appellant.

Our former judgment is set aside. The trial court's judgment is reversed, and the cause is abated and remanded to the trial court, with instructions to retain it suspended upon the docket until cause No. 55123 is determined, and thereupon to proceed in accordance with the final result of that suit.

Former judgment set aside; reversed and remanded, with instructions.