## RAILROAD COMMISSION OF TEXAS et al. v. MAGNOLIA PETROLEUM CO.

### No. 9105.

Court of Civil Appeals of Texas. Austin.

June 10, 1942.

Rehearing Denied July 1, 1942.

Gerald C. Mann, Atty. Gen., and James Noel, Tom D. Rowell, Cecil C. Rotsch, E. R. Simmons, and James D. Smullen, Asst. Attys. Gen., for appellants.

Paul A. McDermott, of Fort Worth, Powell, Rauhut & Gideon, of Austin, Walace' Hawkins, of Dallas, and Dan Moody and J. B. Robertson, both of Austin, for appellee.

BLAIR, Justice.

This is a Rule 37 case. The Commission granted appellant E. A. Landman a permit to drill two oil wells on a 1.26-acre tract of land in the Rains Survey, Rusk County, Texas, as an exception to the Rule 37 applicable to that area. The permit recited that it was granted to prevent confiscation and to prevent waste. On the trial it was shown that a trespass to try title suit to the identical tract of land and between the identical parties to this suit was pending in a District Court of Gregg County at the time this cause came on to be heard; whereupon the parties agreed that the court should make no determination of the title to the land involved; but should determine only whether a bona fide title dispute existed.

No statement of facts is presented, but in its findings of fact and conclusions of law the court traced the claim of title of each party and held that as a matter of law a bona fide controversy as to title to the land

was made out and was supported by substantial evidence adduced both on the hearing before the Railroad Commission and upon this trial. The court thereupon entered judgment cancelling and annulling the permit to drill the two wells, and perpetually enjoining appellant from drilling the wells, and the Commission from in anywise authorizing production of oil from the wells.

Appellant Commission, joined by appellant Landman, insist that the court erred in cancelling and annulling the drilling permits involved, upon the sole ground of bona fide dispute of title; and insist that since the trial court also found in its findings of fact that the wells drilled on appellees' adjoining tract are draining oil from beneath the 1.26-acre strip claimed by appellant, and that they will drain therefrom all of the recoverable oil, the court should not have cancelled the permits.

In the case of Tide Water Oil Co. v. Railroad Commission, 76 S.W.2d 553, this court held that where on the trial in the District Court to set aside a permit to drill an oil well it was shown, that a prior suit had been filed involving the title to the land on which the permit to drill the oil well was granted, the suit attacking the validity of the permit should be held in abeyance or abated pending the termination of the prior suit involving the title, reasoning that the District Court should not be called upon to hear and determine the validity of the Commission's order granting the permit on the contingency that dependent upon the outcome of the title in another court of competent jurisdiction, a determination of the validity of the permit may or may not become necessary.

In the case of Railroad Commission v. Lamb, 81 S.W.2d 161, this court again held that the Commission's refusal to grant a permit to drill a well where a controversy as to the permittee's title was involved, was within the discretionary power of the Commission, and that it could refuse to grant a permit until the issue of title was determined by a court of competent jurisdiction.

In the case of Humble Oil and Refining Company v. Railroad Commission, 85 S.W. 2d 351, this court held that the appellant in that case who had been granted a permit to drill an oil well was entitled to have said order adjudicated in the court having jurisdiction thereof, without being first required to sue for title to a part of said land, when such suit for title would only settle the issue to a part of the land in controversy.

In the case of Altgeit v. Texas Company, Tex.Civ.App., 101 S.W.2d 1104, the trial court held that a permit granted by the Railroad Commission was invalid upon two grounds. The first ground was that the tract involved did not belong to permittee; and, second, that there had been a voluntary segregation in violation of Rule 37. This court stated, though not necessary to the decision, that where there is in the hearing before the Railroad Commission for a permit to drill an oil well in exception to Rule 37, a bona fide controversy as to the title of permittee to the land sought to be drilled, the Commission is authorized to deny the permit, or hold the application in abeyance pending an adjudication of the title by a proper judicial tribunal.

■ We have reached the conclusion that the trial judge was not authorized in the instant case to strike down the permits granted to appellant to drill the two wells and perpetually enjoin the drilling of them, and perpetually enjoin the Railroad Commission from recognizing or issuing any order for the production of oil from them; but that he should have entered judgment *suspending* the permits granted and abated the suit, pending the adjudication of the title to the land in controversy which was pending in a court of another jurisdiction. Haney v. Temple Trust Co., Tex.Civ.App., 55 S.W.2d 891, error dismissed; North Texas Coach Co. v. Morten, Tex.Civ.App., 92 S.W.2d 263.

■ The appellee presents as "Independent Point One" the question that since "the findings of fact made by the trial court clearly show that appellant Landman had no title to the oil and gas estate in the strip involved herein and therefore the court did not err in cancelling the permit order." This contention cannot be sustained for two reasons. In the first place, the parties agreed at the outset that the issue of title was not involved, but that only the question of whether there was a bona fide dispute as to title to the 1.26-acre tract was involved; and the trial court both in its findings of fact and its judgment expressly limited the scope of the judgment to a determination of the bona fide dispute as to title.

In the second place, the court had no jurisdiction to determine vel non the title to the land, because the District Court of Gregg County had jurisdiction of all title issues in the then pending trespass to try title suit to the land involved.

The judgment of the trial court is reversed; the permits are suspended; the suit is abated and remanded with instructions to retain it suspended upon the docket pending the determination of the title suit.

Reversed and remanded with instructions.