**FIRST STATE BANK OF BISHOP, TEXAS**

v.

**Robert W. NORRIS et al.**

**No. 1410.**

Court of Civil Appeals of Texas, Tyler.

Dec. 23, 1980.

Rehearing Denied Feb. 5, 1981.

Ray Guy, Jenkens & Gilchrist, Dallas, Jim Vollers, Davis Grant, Austin, for appellant.

Lev Hunt, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

McKAY, Justice.

This is an appeal from an order of the trial court sustaining a plea in abatement and dismissing the case.

The previous events which led to the present suit are lengthy and somewhat involved. In December, 1970, First State Bank of Bishop, Texas (Bank), plaintiff below and appellant here, employed James C. Watson (Watson) an attorney, member of the firm of Keys, Russell, Watson and Seaman, of Corpus Christi, to act as trial counsel and work with William F. Wallace, Jr., (Wallace), Bank's general counsel, for the prosecution of anticipated litigation against H & G Construction Co., et al. From time to time Bank delivered to Watson various files, papers and other documents necessary to prepare for trial, and authorized him to prepare and file certain pleadings, take depositions and perform other related services for Bank. The litigation ultimately evolved into an action on a fidelity bond against Maryland American General Insurance Co. (MAGIC). Two cases, causes 108,227–A and 115,108–C, were filed in the 28th District Court and in the 117th District Court, respectively, both in Nueces County. Watson agreed to represent Bank on a contingent fee basis, and he provided legal services in the MAGIC litigation until his death in December, 1972.

After Watson's death Bank employed, on a contingent fee basis, Hawthorne Phillips (Phillips), who later became a partner in the Austin law firm of Phillips & Norris. Phillips served as lead trial counsel, and he requested the Keys firm to serve as local counsel in Corpus Christi at Wallace's request. Phillips, working with Wallace, acquired files, papers and other documents, prepared and filed pleadings, took depositions and performed other services. A short time prior to the anticipated trial of the MAGIC case, Phillips died in 1975.

Several months later Wallace, on behalf of Bank, requested of Norris, who was Phillips' partner, that the files and records be turned over to Bank or an Austin bank for safekeeping until new lead counsel was employed. Wallace consulted with Keys who advised Wallace that the files would not be turned over until the payment of a fee of $38,000 was made to the Keys firm.[1]

Bank alleges in its pleading that although repeated requests and demands for the delivery of its files, papers, pleadings, depositions and other documents related to MAGIC litigation were made, defendants Keys and Norris, et al., acting in concert, have filed and refused to deliver such records and files to Bank, have wrongfully withheld them and wrongfully deprived Bank of their use, value and benefit while asserting an alleged attorney's lien against such property. Bank asks for nominal damages, attorney's fees and expenses, court costs, costs and damages resulting from Bank's inability to prosecute the MAGIC litigation, mental anguish and exemplary damages.

The instant suit by Bank was filed May 18, 1978, against Robert W. Norris, individually; Phillips & Norris, a Partnership; Phillips & Norris, Inc.; Keys, Russell, Watson & Seaman, a Partnership; Keys, Russell, Seaman & Mansker, a Partnership; Louis W. Russell, Individually; and William H. Keys, Individually.

Defendants (appellees here) Robert W. Norris, individually, Phillips & Norris, a Partnership, and Phillips & Norris, Inc.,

filed a plea in abatement alleging that on October 28, 1976, Cause No. 76–4056–A was filed in the 28th District Court of Nueces County (Nueces County case), styled Phillips & Norris, Inc., a Professional Corporation, and Keys, Russell, Seaman & Mansker, a Partnership, plaintiffs, versus First State Bank of Bishop, Texas, defendant, and that such cause was there pending when the instant case was filed. They alleged that the matters set out in the Bank's pleading here were the same matters as were already at issue in the Nueces County case, and that such matters plead in the instant cause were a compulsory counterclaim in the Nueces County case. They further alleged that the court in Nueces County had acquired jurisdiction of the parties, the subject matter and the issues involved in the instant case, and had ruled on some issues, including Bank's motion for summary judgment.

The prayer of appellees in their plea in abatement was (1) to sustain their plea in abatement, (2) to enter an order that plaintiff shall not be permitted to go forward with this cause, and (3) that if plaintiff desires to assert the matters plead in its original petition it must do so in the Nueces County case. In the alternative appellees prayed that the case be transferred to the 28th District Court of Nueces County.

The Nueces County case against the Bank was for attorney's fees for legal services in representing Bank in the two suits in Nueces County, causes nos. 108,227–A and 115,-108–C, and the pleadings prayed for $46,000 in attorney's fees for the plaintiffs plus $15,333 for attorney's fees for the attorneys who brought the suit for them.

The Bank answered that suit by plea in abatement alleging that the suit was premature so far as determining a reasonable fee when there was a contingent fee contract, and, in addition, asked the court to order counsel to turn over to Bank the files, records and papers that they had accumulated as prior counsel. The prayer was to

---

1. The claimed fee of $38,000 supposedly was based upon a ⅓ contingent fee of an offer of settlement of the MAGIC suits for $115,000, which offer was refused by Bank.

abate the suit until the collateral cases were disposed of, and that the appropriate court could then apportion any attorney's fees among counsel entitled to receive them.

The trial court made the following findings of fact: (1) On October 26, 1976, the Keys firm and the Phillips firm filed suit against the Bank (Nueces County case), and such suit is still pending on the docket of that court; (2) that the Bank filed this cause, No. 274,835 in the 53rd District Court of Travis County, on May 18, 1978, which filing was after the Nueces County case and at a time when the Nueces County case was still pending; (3) the real parties in interest, the subject matter, and the issues involved in this case are the same as the real parties in interest, the subject matter and the issues involved in the Nueces County case; (4) the subject matter of this suit arises out of and concerns the same transactions or occurrences which are the subject matter of Plaintiffs' (Defendants here) claims in the Nueces County case and are incident to and connected with the same transactions or occurrences.

Additional findings were: (1) members of the Keys firm and Phillips firm formerly represented the Bank in litigation against a construction and a bonding company, Maryland American General Insurance Co. (MAGIC litigation); (2) in the Nueces County suit, filed October 28, 1976, Keys firm and Phillips firm seek to recover attorney's fees allegedly due them from the Bank for prior representation of Bank in MAGIC litigation; and (3) in this suit Bank seeks to recover damages occasioned by alleged wrongful retention of files which were developed in connection with the MAGIC litigation, and the Bank alleges that members of the Keys firm, the Phillips firm and all partners in such firms since May 25, 1976, are liable for such wrongful retention.

Conclusions of law by the trial court were: (1) the 28th District Court of Nueces County acquired jurisdiction of the parties in this cause prior to the time the instant suit was filed; (2) the 28th District Court acquired dominant jurisdiction of the real parties in interest to this cause and the claims, causes of action and issues between such parties, to the exclusion of other courts, including this court; (3) the Nueces Court having first acquired jurisdiction of the parties, claims and causes of action, may exercise that jurisdiction, adjust all the equities between the parties, and it is entitled to do so without interference from this court; (4) the causes of action and issues asserted by plaintiff in this cause arise out of the same occurrences or transactions and involve the same subject matter as are involved in the Nueces County case; (5) the claims and causes of action asserted by plaintiff could have been pleaded by it in the Nueces County case; and (6) this cause should be dismissed.

Appellant Bank brings two points of error: (1) The trial court erred in sustaining the plea in abatement; and (2) the trial court erred, upon sustaining the plea in abatement, in dismissing the cause rather than suspending it on the docket until the trial of the Nueces County case.

Bank argues that the trial court was in error in sustaining the plea in abatement because neither the cause of action, nor the relief sought, nor the ultimate issues, nor all of the parties were the same in the Nueces County suit as in the instant case. It is the further contention of the Bank that the cause of action asserted by it in this case does not constitute a compulsory counterclaim to the cause asserted by appellees in the Nueces County suit. To the contrary, appellees argue that the plea in abatement was properly sustained because a prior suit was filed in a court of competent jurisdiction, with the same subject matter and parties, and jurisdiction attached in the Nueces County case.

■ It has long been the rule in Texas that the pendency of one suit in a court of competent jurisdiction precludes the maintenance of another suit involving the same cause of action between the same parties in a court of equal jurisdiction. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070–71 (1926); *Barrier v. Lowery*, 118 Tex. 227, 11 S.W.2d 298 (1928, opinion adopted); *Curtis*

*v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *Merrell v. Merrell,* 527 S.W.2d 250, 252–3 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.), and case cited therein; 1 Tex.Jur.3d Actions § 123, p. 535–6.

We must examine the record to determine whether there is an identity of actions and an identity of parties. In the Nueces County suit the plaintiffs were Phillips & Norris, Inc., and Keys, Russell, Seaman & Mansker, a Partnership. The defendant was the Bank. In the instant suit the Bank was the plaintiff, and defendants were Robert W. Norris, Individually; Phillips & Norris, a Partnership; Phillips & Norris, Inc.; Keys, Russell, Seaman & Mansker, a Partnership; Louis W. Russell, Individually; and William H. Keys, Individually.

In the Nueces County suit the pleading asserted a claim for legal services in the sum of $46,000 for representing Bank in Causes 108,227–A and 115,108–C pending in Nueces County, plus $15,333 for attorney's fees for counsel representing plaintiffs in bringing that suit. The plaintiffs in the Nueces County suit also prayed for a judgment that plaintiffs there had a valid attorney's possessory lien on the files, papers and other documents relating to Causes 108,-227–A and 115,108–C, then in their possession.

As referred to hereinbefore, plaintiff Bank in the instant suit alleges that it is the rightful owner of all the files, paper, pleadings, depositions and related documents, and has been, and is, entitled to possession of same and that, defendants, acting in concert, have and are wrongfully retaining same. As a result Bank claims it is entitled to: (1) nominal damages of at least $1,000; (2) attorney's fees and expenses incurred or to be incurred in attempting to have such property returned; (3) damages of not less than $50,000 and court costs; (4) costs and damages resulting from Bank's inability to prosecute the MAGIC litigation; (5) mental anguish of Bank's officers and directors, $10,000; and (6) exemplary damages of not less than $100,000.

The instant case is a suit for damages for wrongfully withholding files and records, the possession of which Bank claims it is, and has been entitled to have. The defendants here include other persons and entities not plaintiffs in Nueces County suit. The plaintiffs in the Nueces County suit seeks attorney's fees in two other cases in which they represented the Bank, but the suit is in behalf of some, but not all, of the attorneys who are defendants here.

■ We conclude the trial court erred in granting the plea in abatement and dismissing this suit in Travis County. Neither the parties nor the issues in the two cases are identical, and a recovery in the Nueces County suit would not necessarily be res judicata as against the cause of action asserted here. *Cleveland v. Ward,* supra; 2 McDonald, Texas Civil Practice, § 7.10, p. 185 (Rev.1970).

■ The usual test is whether a judgment in the first case would dispose of all issues in the second. 2 McDonald, supra, at p. 186.

Since a judgment for the plaintiffs in the Nueces County suit awarding all the relief sought there would not dispose of all the issues presented in the instant suit in Travis County, the Nueces County suit cannot properly be regarded as involving the same cause of action, and, therefore, substantial identity of causes of action is lacking. *Cleveland v. Ward,* supra; *South Padre Development Co. v. Texas Commerce Bank National Association,* 538 S.W.2d 475, 481 (Tex.Civ.App.-Corpus Christi 1976, no writ); *Norrell v. National Motor Club of Texas, Inc.,* 498 S.W.2d 257, 261 (Tex.Civ.App.-Tyler 1973, writ ref'd n. r. e.); *Northwest Engineering Co. v. Chadwick Machinery Co.,* 93 S.W.2d 1223, 1225 (Tex.Civ.App.-El Paso 1936, writ dis.).

Stated another way, if the Travis County suit asserts a different cause of action and seeks different relief upon an alternative theory, it should not be abated. 2 McDonald, supra, at p. 186.

The plea in abatement in the instant Travis County case was filed by Robert Norris,

individually, Phillips & Norris, a partnership, and Phillips & Norris, Inc.; the Keys firm is not a party.

To support their position that the trial court correctly granted the plea in abatement appellees cite *Cleveland v. Ward*, supra, *North Texas Coach Co. v. Morten*, 92 S.W.2d 263 (Tex.Civ.App.-Austin 1935, no writ), and *Haney v. Temple Trust Co.*, 55 S.W.2d 891 (Tex.Civ.App.-Austin 1932, writ dis.).

We agree that *Cleveland v. Ward*, supra, is the leading authority on the legal principles involved in abating cases because of a previously filed suit; however, in our view the facts in *Cleveland v. Ward* are distinguishable from this case and thereby caused a different result. In that case two district courts had the same parties suing on the same facts and the same issues.

In our view the *North Texas Coach* case and the *Haney* case are distinguishable from the instant case, as is *Ex parte Lillard*, 314 S.W.2d 800 (Tex.1958). This court followed *Cleveland v. Ward*, supra, in *Merrell v. Merrell*, supra, and we believe both cases are authority for our holding here.

We were advised by counsel in oral argument and by Bank's reply brief that the judge of the 117th District Court in Cause 108,227 in Nueces County had ordered the Phillips firm and the Key firm to deliver the files to the Bank and that the order had been complied with. As a result, the question of possession of the files and the claim of a possessory lien on them apparently are no longer viable issues in the Nueces County case in the 28th District Court.

█ Appellees also contend that the instant suit should also be abated because Rule 97(a), Tex.R.Civ.P., required it to be a compulsory counterclaim. We disagree. This suit and the Nueces County case have the same background, but, as pointed out, the suits are not the same, the parties are not the same and the instant suit does not arise out of the transaction that is the subject matter of appellees' suit for attorney's fees. We do not find that the instant case is a compulsory counterclaim under Rule 97(a), nor so interrelated that abatement is necessary. *Livingston v. Gage*, 581 S.W.2d 187, 191–2 (Tex.Civ.App.-El Paso 1978, writ ref'd n. r. e.).

We do not reach Bank's second point.

Judgment of the trial court is reversed and the cause is remanded.