**HOUSTON PLUMBING SUPPLY CO., INC., Appellant,**

v.

**ORNELAS PLUMBING SUPPLY COMPANY, INC., et al., Appellees.**

No. 08–81–00214–CV.

Court of Appeals of Texas, El Paso.

July 21, 1982.

Lapin, Totz & Mayer, Mark P. Blenden, Houston, for appellant.

B. J. Hooks, Groom, Miglicco, Gibson, Bussell & Stewart, Charles A. Botschen, Houston, Steven Lukinbeal, Moorman & Tate, George R. Moorman, Brenham, for appellees.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from two orders of the trial court. The trial court granted a plea in abatement and dismissed Appellant's attempt to intervene in this case. It also granted a summary judgment to one of the Appellees, and disposed of all other parties and issues in that judgment. We reverse and remand.

This cause of action began as one to foreclose a mechanic's and materialman's lien. Coyote Construction, Inc., was the general contractor for construction of certain improvements on real property owned by the Brenham Clinic Building Corporation. Ornelas Plumbing Supply Company, Inc., as a subcontractor, furnished labor and plumbing fixtures to Coyote Construction for this project. Some of these materials had been provided to Ornelas Plumbing Company by the Houston Plumbing Supply Company, Inc., Appellant herein. On March 14, 1977, the Ornelas Company filed a verified written account of a claim in the amount of $7,287.50 with the County Clerk of Washington County, Texas, for labor and supplies furnished in accordance with its contract with Coyote, thereby fixing a lien on the real property owned by Brenham Clinic. In order to assure the landowner against title defects caused by such lien, Coyote deposited 125% of this amount, to-wit: $9,109.38, with the Washington County Abstract Company. On July 13, 1977, Ornelas Plumbing Company filed this suit in Washington County against Coyote and Brenham on a revised claim for $5,207.50 and for foreclosure of its lien. Houston Plumbing Company sought to intervene in this suit alleging that Ornelas owed it a balance of $4,920.85 for goods and materials furnished, and that the sum held by the abstract company constituted a trust fund for its benefit. Coyote cross-acted in the form of an intervention claiming that both Houston Plumbing and Ornelas were claiming against it and asking the court to re-

solve their dual claims. Washington County Abstract Company also intervened and paid the funds into court. The abstract company was required to pay $1,885.48 from this fund for delinquent taxes owed by the Ornelas Company to the Internal Revenue Service. This left a balance of $7,223.90 which was paid into the registry of the court.

On the 15th day of December, a hearing was held and the court granted the plea in abatement of Ornelas Plumbing on the basis that there was a prior suit pending in Harris County by Houston Plumbing against Ornelas. Out of this same hearing, the motion for summary judgment of Brenham Clinic was granted. We are of the opinion that the court erred in granting the plea in abatement dismissing the intervention of Houston Plumbing Company because there was not an identity of issues in the two causes of action.

A plea in abatement grounded on the pendency of a prior suit is predicated upon a state of facts which must be seasonably alleged and proved and, unless this is done, the subsequent suit is not abated. *Texas Employers Insurance Association v. Baeza*, 584 S.W.2d 317 (Tex.Civ.App.— Amarillo 1979, no writ). Those essential facts are the present pendency of a prior suit between the parties in which the same subject matter or the same issues are involved and determinable. The burden remains on the proponents to prove the allegations of the plea in abatement even though his plea is verified. *Id.* Based on oral testimony, the court had evidence of a prior suit by Houston Plumbing against Ornelas filed in Harris County on a sworn account for materials furnished. The intervention in this suit was sought on the same invoices of the account. The usual test for determining whether the same issues are involved in the two suits is whether a judgment in the first case would dispose of all issues in the second. *First State Bank of Bishop, Texas v. Norris*, 611 S.W.2d 680 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The first suit here involves only the justness of the claim and could result in a

money judgment for Houston Plumbing against Ornelas, which judgment possibly could be collectible. This second suit is not the same cause of action as the first one. The second suit is for Houston Plumbing to get satisfaction for its claim from funds deposited by written agreement for Houston Plumbing's benefit, and paid into the registry of the court. Coyote Construction executed a contractor's affidavit that all accounts had been paid on the Brenham Clinic "except that owing to Ornelas Plumbing and Houston Plumbing." It placed funds in escrow with the Washington County Abstract Company with the following agreement:

"I am this date depositing $9,109.38 cash with Washington County Abstract Co. which is 125% of Ornelas lien to be paid to me on proof of payment of Houston Plumbing & Supply Co., Inc., and a release of Ornelas Plumbing laborer's lien."

The agreement was executed by officers of both Coyote Construction and Washington County Abstract Company. Thus, the fund involved was specifically created for the benefit of Houston Plumbing and, as noted, it was paid into the registry of the court by Washington County Abstract Company. Recovery of its claim under this agreement is a different cause of action from the Harris County suit on sworn account.

This suit also differs from the Harris County suit in that Houston Plumbing was seeking to recover under the provisions of Article 5472e, Texas Revised Civil Statutes, which declares construction payments on improvement of realty to be trust funds. The statute provides in part:

"Section 1. All monies or funds paid to a contractor or subcontractor or any officer, director or agent thereof, under a construction contract for the improvement of specific real property in this state, . . . are hereby declared to be Trust Funds for the benefit of the artisans, laborers, mechanics, contractors, subcontractors or materialmen who may labor or furnish labor or material for the construction or repair of any house, building or improvement whatever upon such real property; . . . . The contractor, subcontractor, owner, or any officer, director or agent thereof, receiving such payments or funds, or having control or direction of same, is hereby made and constituted a Trustee of such funds so received or under his control or direction."

The statute then defines wrongful disbursement and misapplication of such funds and provides criminal penalties, the maximum being confinement in the Department of Corrections for a period not exceeding ten years. Houston Plumbing, as a supplier of materials for the construction of the Brenham Clinic, is entitled to the benefits of this statute as to the funds here involved. Appellees argue that there is no evidence or proof of the creation of a trust. As we view the statute, no such proof is necessary. The trust is created by the very terms of the statute in instances where it is applicable. The rights and benefits accorded Appellant under this statute further point up the difference between this suit and the prior Harris County sworn account suit, and that difference is another reason why the court erred in granting the plea in abatement.

As indicated, the court granted the motion for summary judgment of Brenham Clinic Building Corporation and, in its judgment, the court released the lien of Ornelas and it divided the monies on deposit with the court. Of the $7,223.90, the court awarded $3,322.02 to Ornelas Plumbing Company, Inc., based on the findings they had agreed to accept the sum of $5,207.50, less the levy of $1,885.48 by the Internal Revenue Service. The balance of the funds on deposit with the court, being in the amount of $3,901.88, was found to be the property of Coyote Construction, Inc., and returned to it. Under Article 5472e, *supra*, the funds in question were held in trust for Houston Plumbing and the summary judgment of the court was erroneous until there had been a determination of the justness of their claim. The case most nearly in point is *Nuclear Corporation of America v. Hale*,

355 F.Supp. 193, U.S. Dist. Court, N.D. Texas (1973), *affirmed,* 479 F.2d 1045 (5th Cir. 1973). There, a materialman invoiced a subcontractor for materials, who invoiced the general contractor, who forwarded payment to the subcontractor; it was held that such funds were held by the subcontractor in trust for the materialman. The record in the case before us is one where the contractor has been paid funds which he in turn placed with his agent, Washington County Abstract Company, under a written agreement that it was held for his subcontractor and/or his materialman, whichever was entitled to it, and that this was under a construction contract for the improvements on specific real property. Appellant has made a sufficient showing to bring it within the ambit of Article 5472e. *See: Berger Engineering Co. v. Village Casuals, Inc.,* 576 S.W.2d 649 (Tex.Civ.App.—Beaumont 1978, no writ).

The trial court erred in sustaining the plea in abatement and in rendering summary judgment. Therefore, the judgment of the trial court is reversed and the cause is remanded for a new trial.