704 S.W.2d 148 (1986)
Oscar WYATT, Jr., Relator,
v.
The Honorable Michael WESTERGREN, Respondent.
No. 13-86-037-CV.
Court of Appeals of Texas, Corpus Christi.
February 10, 1986.
Ken Dahlberg, Corpus Christi, Philip Short, Houston, for relator.
Richard J. Hatch, Jr., F.I. Gandy, Jr., Corpus Christi, for respondent.
Before BENAVIDES, UTTER and DORSEY, JJ.

OPINION
BENAVIDES, Justice.
This is an Application for Writ of Mandamus. Relator seeks to have this Court compel the Respondent (the judge of the 214th District Court) to grant a plea in abatement in a cause currently pending before Respondent, because of the prior filing and alleged pendency of a similar lawsuit in Duval County, Texas. The Application for Writ of Mandamus is denied.
On February 7, 1983, Relator filed a tort action in Duval County, Texas, styled O.S. Wyatt, Jr. v. Shaw Plumbing and Supply Company. This action was given cause number 11590. On April 4, 1983, the real party in interest in this case, Shaw Plumbing Company, filed an action in contract in the 214th District Court of Nueces County styled Shaw Plumbing Company v. Oscar Wyatt, Jr., Morgan Spear, Individually, and d/b/a Morgan Spear Development and Construction Company and Morgan Spear and Associates, Inc. This case was given cause number 83-1442-F. Both the Duval County case and the Nueces County case involved worked performance by Shaw on Relator's property in Duval County. Shortly after Shaw's filing in Nueces County, Relator filed a plea in abatement and answer to the Nueces County action. On January 20, 1984, Respondent heard the plea in abatement. On June 15, 1984, the plea in abatement was overruled by another judge presiding as judge of the 214th District Court. While it is apparent from the oral arguments before this Court that a hearing was conducted on the plea in abatement and authorities were submitted to the trial court, no record of these proceedings has been brought before this Court. Application *149 for writ of mandamus was filed in this court on January 24, 1986.
The initial inquiry for us in this action is the scope of our review of the trial court's actions. In Curtis v. Gibbs, 511 S.W.2d 263 (Tex.1974), our Supreme Court reiterated the propriety of the use of a Writ of Mandamus to compel a lower court to abate a subsequently filed proceeding in order to settle a question of a conflict of jurisdictions. We are also cognizant of the recent opinion of our Supreme Court in Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (1985). In Downer the Supreme Court reiterated the test which the courts of appeal are to use when determining whether or not a trial court has abused its discretion. "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." Simply restated, the Supreme Court has cautioned that merely because we would have ruled differently under the facts had we been presented with them does not mean that the trial court has in some manner abused its discretion.
It is Relator's position that the Duval County law suit was filed first and has the same parties as the Nueces County suit and arises from the same transaction as the Nueces County suit; therefore, the Duval County District Court has dominate jurisdiction. Curtis v. Gibbs, 511 S.W.2d 263 (Tex.1974); Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926). We must determine whether or not, from the record that is before us, there was complete identity of parties and controversies between the two suits; if so, the Respondent had a duty to sustain the plea in abatement. Curtis v. Gibbs, 511 S.W.2d 263 (Tex.1974).
Addressing the question of whether or not to grant the plea in abatement, based on the record we have before us, we cannot find that the Respondent abused his discretion in denying the motion. As previously stated, we do not have the entire record of the proceedings below before us, but rather only copies of the pleadings filed in the respective courts and the plea in abatement and the order denying said plea. In reviewing Shaw's pleadings filed in the Nueces County action, there is an obvious lack of complete identity of the parties and issues with the Duval County suit. The Nueces County action names different, additional parties, Morgan Spear, Morgan Spear Development and Construction Company and Morgan Spear and Associates, Incorporated, and alleges a contractual cause of action against Relator. The Duval County action does not include three of the parties included in the Nueces County action and states a cause of action founded in tort. [Relator has argued that Shaw's cause of action in contract in the Nueces County suit is a compulsory counter claim under TEX.R.CIV.P. 97(g). While Relator may be correct in his evaluation of the law on this question, we do not reach that question here.]
We do not find, from this record, that the Respondent abused his discretion in denying the plea in abatement. As was stated in Dolenz v. Continental National Bank of Fort Worth, 620 S.W.2d 572 (Tex.1981), where there is not a complete identity of parties and issues the proper rule in governing the disposition of the plea in abatement is as follows: "A court, in exercise of its sound discretion, may abate an action for reasons of comity, convenience and orderly procedure, and, in exercise of that discretion may look to `the practical results to be obtained, dictated by a consideration of the inherent inter relation of the subject matter of the two suits.'" Id. at 575 [emphasis original]. We hold that the Respondent was exercising his discretion when he ruled on the plea in abatement and that this record shows no abuse of that discretion.
The Application for Writ of Mandamus is DENIED.