Oscar S. WYATT, Jr., Appellant,

v.

SHAW PLUMBING COMPANY, Appellee.

No. 13–86–349–CV.

Court of Appeals of Texas, Corpus Christi.

June 25, 1987.

Rehearing Denied Sept. 10, 1987.

Ken Dahlberg, Wood & Burney, Corpus Christi, for appellant.

Richard J. Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found that appellee was owed $177,935.79 for labor and materials furnished for construction of Wyatt's residence in Duval County, and that Morgan Spear was Wyatt's agent in requesting the labor and materials. The trial court added prejudgment interest to arrive at an award of $221,218.21. The jury also awarded $50,000 in attorney's fees for the trial and additional amounts for appeals. Wyatt challenges the judgment and several pretrial rulings by six points of error. We affirm the trial court's judgment.

In 1980, Wyatt entered into an oral agreement with Spear to design a house and have it built on Wyatt's property in Duval County. Spear arranged for appellee to do plumbing and related work on a cost-plus basis. Appellee submitted billing statements to Spear monthly, and Wyatt paid through Spear. Payment then ceased, and the parties disputed over the quality of the work and the legal relationship between appellee, Spear and Wyatt.

On January 20, 1983, appellee, through its attorney, sent Wyatt and Spear a demand letter for payment. On February 7, 1983, Wyatt filed a fraud and negligence action in Duval County against appellee, stating that appellee had received $464,-011.05, but complaining of the work and bills. (Appellee asserted a plea of privilege to move that action to Nueces County.) When appellee sued Wyatt, Spear, and two of Spear's companies on sworn account in Nueces County on April 4, 1983, Wyatt filed a plea in abatement. This appeal is from the suit filed in Nueces County. The trial court overruled the plea in abatement on April 10, 1984, and entered its order on June 15, 1984. Spear and his companies filed a cross-action for indemnity and contribution from Wyatt. Thereafter, appellee deposed Spear and others.

By his first point of error, Wyatt contends that the trial court erred in granting appellee's Second Motion for Sanctions and for Protective Orders by striking Wyatt's answer, affirmative defenses, and counterclaim as sanctions for abuse of the discovery rules. Wyatt argues that he timely filed his answers to interrogatories, that the sanctions imposed are too severe and therefore unconstitutional, that the trial court abused its discretion in imposing these sanctions under these circumstances, and that it is unfair to penalize the client for attorney error under these circumstances.

On June 29, 1984, appellee filed a notice to depose Wyatt on July 12, 1984. At the request of Wyatt's attorney, his deposition was rescheduled for August 8, 1984, but he did not appear. The deposition was rescheduled for August 18, 1984, by agreement and was supposed to take place at Wyatt's residence in Duval County so that the parties could inspect the premises. However, Wyatt cancelled the inspection of his residence the day before the scheduled visit. He did appear at appellee's attorneys' offices at the deposition time. However, the parties did not take a deposition but entered into certain stipulations.

In the stipulations, executed effective August 18, 1984, and filed with the court on December 18, 1985, the parties agreed to continue the September 10, 1984, trial date; to postpone the deposition of Wyatt; and to continue the Duval County case until after disposition of the Nueces County case. Wyatt paid appellee $60,000 to be credited against any sum recovered in the suit. Wyatt would be given the opportunity to examine and audit Shaw's records from the job, at his expense. The last two items in the stipulation are:

7. Defendant, Oscar S. Wyatt, Jr., at his expense intends to perform a complete survey of his residence in Duval County to ascertain any and all construction defects or complaints pertaining to the construction of the residence in Duval County. A copy of the results of such survey shall be furnished to each party on or before December 1, 1984.

8. After the survey of the residence and after the completion of the audit, the parties will make a good faith effort to settle all matters in dispute. If a settlement cannot be effected, the depositions of the witnesses shall continue with appropriate notices to the parties.

Wyatt, however, did not provide results of a survey or a list of defects by December 1, 1984. Subsequently, counsel for appellee wrote four letters requesting the information.

On December 17, 1985, appellee's attorney sent Wyatt interrogatories and requests for admissions, and on December 20, 1985, appellee moved for sanctions against Wyatt for failure to provide the results of the survey. At the hearing on the motion for sanctions, the attorneys argued about whether Wyatt had agreed to undertake a survey at all. On January 20, 1986, the court by letter denied the sanctions, but stated that it would consider other sanctions on request and ordered "an expeditious deposition of defendant Wyatt." On January 22, 1986, appellee filed a Second Motion for Sanctions and for Protective Orders. On January 23, 1986, Wyatt filed a response to the interrogatories and requests for admissions, but objected to, instead of answering, Interrogatory No. 2, which requests Wyatt to list in detail all defects and complaints. The trial setting was February 17, 1986. On February 8, 1986, Wyatt was deposed, and testified to various complaints about appellee's work. However, he would not commit himself that those were all of the defects which would be raised. On February 14, 1986, the trial court heard Plaintiff's Second Motion for Sanctions and for Protective Orders. On February 20, 1986, it signed an order striking all of Wyatt's pleadings, affirmative defenses, and counterclaims.

■ We first examine Wyatt's claim that he timely answered the Interrogatories and Request for Admissions. The parties dispute the method of calculating the time for response under Tex.R.Civ.P. 21a. Under Tex.R.Civ.P. 168 subd. 4, answers to interrogatories shall be served on the party within the time specified, which shall be not less than thirty days after service. The document was mailed on December 17, 1985, and filed on December 18, 1985, and specifies that the answers shall be served in thirty days. Appellee begins to calculate the thirty days on December 18, 1985. However, Rule 21a states that service by mail is complete at the time of mailing, not at the time of receipt or of filing. Thus, we begin the calculations on December 17, 1985. Three days are added under Rule 21a because the interrogatories were served by mail. Thirty-three days after December 17, 1985, is January 19, 1986, a Sunday. Under Tex.R.Civ.P. 4, the due date becomes Monday,

January 20, 1986. On January 22, 1986, appellee filed a Second Motion for Sanctions and for Protective Orders. On January 23, 1986, Wyatt filed a response at the courthouse, but did not include an answer to Interrogatory Number 2. The response was not timely. Wyatt finally answered Interrogatory Number 2 on February 13, 1986.

■ Wyatt argues that the sanctions were inappropriate, unconstitutional, and an abuse of discretion. We disagree. In imposing sanctions, a trial court may consider the entire record in the litigation. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985); *Medical Protective Co. v. Glanz*, 721 S.W.2d 382, 388 (Tex.App.—Corpus Christi 1986, writ ref'd); *Woodruff v. Cook*, 721 S.W.2d 865, 868 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

The trial court was free to consider all of the attempts to depose Wyatt and to discover the specific defects he alleged against appellee, and all of the trial delays. In ruling on the second motion for sanctions, the trial court said, "considering all of the matters with respect to discovery, the court feels [the] relief sought is proper."

■ A trial court may impose sanctions on any party that abuses the discovery process. Tex.R.Civ.P. 215. The discovery sanctions imposed by a trial court are within that court's discretion. A trial court abuses its discretion if the sanction it imposes does not further one of the purposes that discovery sanctions were intended to further. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). The purposes of discovery sanctions are to: (1) secure the parties' compliance with the rules of discovery, *Ebeling v. Gawlik*, 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); (2) deter other litigants from violating the discovery rules, *Downer*, 701 S.W.2d at 242; and (3) punish parties that violate the rules of discovery. *Bodnow*, 721 S.W.2d at 840; *Jarrett v. Warhola*, 695 S.W.2d 8 (Tex.Civ.App.—Houston [14th Dist.] 1985, writ ref'd).

■ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the trial court acted without reference to any guiding rules and principles. *Downer*, 701 S.W.2d at 241–42; *Medical Protective*, 721 S.W.2d at 386. Judges have been encouraged to use sanctions to the degree necessary to assure compliance with discovery procedures and to deter abuse of the process. *Downer*, 701 S.W.2d at 242.

■ If a party has violated the discovery process, the trial court may choose any of the sanctions listed in Rule 215 2.b. *Medical Protective*, 721 S.W.2d at 387; *Woodruff*, 721 S.W.2d at 869; *City of Houston v. Arney*, 680 S.W.2d 867, 870–71 (Tex.App. —Houston [1st Dist.] 1984, no writ). Wyatt has not demonstrated an abuse of discretion.

Wyatt raises a due process question, citing *Myers v. Shekter*, 775 F.2d 1385 (9th Cir., 1985) and *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Wyatt claims the sanctions bear no relationship to the harm done and suggests that the court could have assessed costs for appellee's sanctions hearing. Wyatt focuses only on the length of the tardiness of this response, three days, without acknowledging that this was one of many delays he instigated. Wyatt's unavailability for depositions due to travel and his unfamiliarity with his claims are voluntary and demonstrate an indifference, if not recalcitrance, to the court's discovery deadlines. The situation is not unlike that in *Downer*, when the defendant ship company sent its crew to sea on dates scheduled for depositions on the theory that they needed the work.

■ Although the trial court struck Wyatt's pleadings, it did not grant a default. Appellee was still required to prove his case. The expression of legal rights is often subject to certain procedural rules. The failure to follow those rules may well result in a curtailment of the rights. *Insurance Corp. of Ireland*, 456 U.S. at 705,

102 S.Ct. at 2105. We hold that Wyatt was not deprived of due process.

■ Nor, in this case, was it unfair to penalize the client. It was Wyatt who consistently scheduled trips without regard to the progress of his lawsuit, whose deposition was not obtained for more than a year, and whose interrogatories were late and incomplete. We overrule point one.

In his second and third points of error, Wyatt claims that the court erred in overruling his first and second pleas in abatement. This Court reviewed the denial of Wyatt's first plea in abatement in *Wyatt v. Westergren*, 704 S.W.2d 148 (Tex.App.—Corpus Christi 1986) (original proceeding). Wyatt applied for the writ of mandamus on January 24, 1986. Appellee urges that this Court's opinion denying the application for writ of mandamus, and the Texas Supreme Court's overruling of Wyatt's motion for leave to file a Petition for Writ of Mandamus on the abatement issue, establishes that the trial court was correct in overruling the pleas in abatement and establishes it as the law of the case, precluding further review. Appellee quotes *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986), that "questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages."

We point out that mandamus is not appeal. As an adequate remedy by appeal existed in this situation, delving into the merits in the mandamus proceeding was not necessary. *See MacWhyte Co. v. Gonzalez*, 688 S.W.2d 205, 207 (Tex.App.—El Paso 1985) (original proceeding). Moreover, issues and facts can change during a proceeding, so that the law of the case no longer applies. *Hudson*, 711 S.W.2d at 630.

■ A plea in abatement grounded on the pendency of a prior suit is predicated upon a state of facts which must be seasonably alleged and proved and, unless this is done, the suit is not abated. *Houston Plumbing Supply Co. v. Ornelas Plumbing Supply Co.*, 636 S.W.2d 608, 609 (Tex.App.—El Paso 1982, no writ). The essential facts are the present pendency of a prior suit between the same parties in which the same issues are determinable. *Houston Plumbing Supply Co.*, 636 S.W.2d at 609. The usual test for determining whether the same issues are involved in the two suits is whether a judgment in the first case would dispose of all of the issues in the second. *Houston Plumbing Supply Co.*, 636 S.W.2d at 609; *First State Bank v. Norris*, 611 S.W.2d 680, 684 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). Moreover, a complete identity of the parties is required. *Dolenz v. Continental National Bank*, 620 S.W.2d 572, 575 (Tex.1981); *Wyatt v. Westergren*, 704 S.W.2d at 149.

■ Unless another court has dominant jurisdiction as a matter of law, the trial court's decision on a plea of abatement is a matter within its discretion. *Dolenz*, 620 S.W.2d 575; *Wyatt v. Westergren*, 704 S.W.2d at 149.

■ When the trial court ruled on the first plea in abatement, it had before it pleadings from the Nueces County and Duval County actions. The Duval County action sounds in tort, and the Nueces County action sounds in contract. Moreover, the Nueces County action included three parties who were not parties in the Duval County suit. Since there was an obvious disparity in the parties involved in the two suits, the judge was not required to abate. *Dolenz*, 620 S.W.2d at 575; *Wyatt v. Westergren*, 704 S.W.2d at 149. We overrule point two.

On February 10, 1986, Wyatt filed an agreement he and Spear had signed on February 6, 1986. Under the agreement, Wyatt and Spear release and discharge each other from all claims related to the construction of Wyatt's Duval County residence, and "Wyatt agrees to indemnify and hold harmless Spear from any claim or demand made upon Spear by Shaw Plumbing Co. arising out of the construction of the Wyatt residence in Duval County, Texas."

■ On February 24, 1986, the trial court heard the second motion for abatement. Appellee argued that, in spite of the

indemnity, there was still no unity of parties or of interests sufficient to require abatement. We agree. Appellee still had an action against Spear, and Wyatt had not admitted that Spear was his agent, but maintained that Spear was an independent contractor. Thus, appellee's claims against Spear were still an integral part of the case.

Wyatt claims that any of appellee's claims in the Nueces County suit would be compulsory counterclaims in the Duval County suit, so that abatement would not leave issues in the Nueces County suit undecided, citing Tex.R.Civ.P. 97(g). The trial court heard evidence that Wyatt sued Shaw in February, 1983, for negligence and fraud in connection with the labor and materials furnished for the plumbing at Wyatt's Duval County residence. There is no evidence that appellee would have to bring his contract claim against Spear for nonpayment into the Duval County suit. Thus, we do not agree, on the state of the evidence, that abatement was mandatory. We overrule point three.

Wyatt's fourth point alleges error in the trial court's denial of his motion for continuance on February 24, 1986. The trial had originally been set for September 10, 1984, and was reset by agreement for February 17, 1986, for Wyatt's convenience. When the court delayed the trial one week, no complaint was lodged. One of Wyatt's attorneys asked and deposed Wyatt's expert, Thomas Hill, as Hill could not attend the next week. Wyatt's motion for continuance, filed on February 25, 1986, the morning of trial, but argued on February 24, 1986, states that Wyatt is on a previously scheduled business trip. The continuance states, "The availability of the defendant Wyatt for testimony and consultation is vital to the defense thereof" and that the continuance was not requested only for delay. No affidavit appears in the record. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Nothing in the record indicates that Wyatt had any material information that was not already in his deposition. And, with his defenses struck, the materiality of his testimony is doubtful. *See* Tex. R.Civ.P. 251 and 252; *Erback v. Donald*,

170 S.W.2d 289, 291–92 (Tex.Civ.App.— Fort Worth 1943, writ ref'd w.o.m.).

Wyatt argues that his presence at trial is a valuable right, citing *National Insurance Co. v. Broome*, 401 S.W.2d 862, 865 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r. e.). In that case, the defendant was imprisoned in another state and was denied the right to consult with his attorney. In this case, Wyatt's absence was voluntary.

▮ Granting or denial of an application for continuance rests within the trial court's discretion. *Villegas*, 711 S.W.2d at 626; *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984), *cert. denied sub. nom., Crank v. Texas State Board of Dental Examiners*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984); *Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 791 (Tex.App.—Corpus Christi 1984, no writ); *Erback*, 170 S.W.2d at 291. Wyatt has failed to show any abuse of discretion. We overrule point four.

▮ By point five, Wyatt claims error in jury selection in the court's failure to grant his challenge for cause of juror Maurine Barbour. Appellee asks us to declare the point waived for failure to cite authority under *Reuben H. Donnelley Corp. v. McKinnon*, 688 S.W.2d 612, 617 (Tex.App. —Corpus Christi 1985, writ ref'd n.r.e.). We decline to decide on that technicality as Wyatt has had no opportunity to rebrief. *See Inpetco, Inc. v. Texas American Bank*, 729 S.W.2d 300 (Tex.1987).

During voir dire, Barbour recalled, vaguely, a dispute with Wyatt involving contract typing in the early 1960's. However, she also said that she would decide based on the evidence and the court's direction, and that she would do her best to block the incident out of her mind.

▮ The trial court determines whether a juror is biased, and its finding will be disturbed only on a showing that it abused its discretion. *Swap Shop v. Fortune*, 365 S.W.2d 151, 154 (Tex.1963); *Ramirez v. Wood*, 577 S.W.2d 278, 285 (Tex.Civ.App.— Corpus Christi 1978, no writ). The trial court had the opportunity to observe the

prospective juror and was in the best position to evaluate her capacity for fairness and impartiality. The trial court found that she was not disqualified and we, as an appellate court, are required to consider the evidence in the light most favorable to its ruling. *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex.1963); *Duke v. Power Electric and Hardware Co.*, 674 S.W.2d 400, 405–6 (Tex.App.—Corpus Christi 1984, no writ). The testimony does not show a fixed bias. We overrule point five.

Wyatt's sixth point complains of the cumulative effects of the many alleged errors. We have considered point six and overrule it.

We AFFIRM the judgment.